FILED

2009 Jun-29  AM 10:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
----------------------------------------------------------- x
```

LOUISIANA MUNICIPAL POLICE : 
EMPLOYEES          RETIREMENT SYSTEM, : 
derivatively for the Benefit of, and on behalf of, : 
Nominal Party, REGIONS FINANCIAL : 
CORPORATION, : 
:     Civil Action No.
Plaintiff, : 
: 
v. :     CV-09-J-1275-S
: 
C. DOWD RITTER, JACKSON W. MOORE, : 
IRENE ESTEVES, ALTON E. YOTHER, D. : 
BRYAN JORDAN, RONALD C. JACKSON, : 
RICHARD D. HORSLEY, ALLEN B. MORGAN, : 
JR., SAMUEL W. BARTHOLOMEW, JR., : 
GEORGE W. BRYAN, MARGARET H. GREENE, : 
SUSAN W. MATLOCK, JORGE M. PEREZ, : 
JOHN R. ROBERTS, MICHAEL S. STARNES, : 
LEE J. STYSLINGER, III, ROBERT R. WALLER, : 
SPENCE L. WILSON, HARRY W. WITT, O.B. : 
GRAYSON HALL, JR., EARNEST W. : 
DEAVENPORT, JR., DAVID J. COOPER SR., : 
DONALD DeFOSSET, JAMES R. MALONE, : 
CHARLES D. McCRARY, CLAUDE B. : 
NIELSEN, JOHN E. MAUPIN JR., WILLIAM C. : 
WELLS, II, MERRILL LYNCH, PIERCE, : 
FENNER & SMITH INCORPORATED, and : 
ERNST & YOUNG LLP, : 
: 
Defendants, : 
: 
and : 
: 
REGIONS FINANCIAL CORPORATION, a : 
Delaware corporation, : 
: 
Nominal Party. : 

```
----------------------------------------------------------- x
```

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants C. Dowd Ritter, Jackson W. Moore, Irene Esteves, Alton E. Yother, D. Bryan Jordan, Ronald C. Jackson, Richard D. Horsley, Allen B. Morgan, Samuel W. Bartholomew, Jr., George W. Bryan, Margaret H. Greene, Susan W. Matlock, Jorge M Perez, John R. Roberts, Michael S. Starnes, Lee J. Styslinger, III, Robert R. Waller, Spence L. Wilson, Harry W. Witt, O.B. Grayson Hall, Jr., Earnest W. Deavenport, Jr., David J. Cooper Sr., Donald DeFosset, James R. Malone, Charles D. McCrary, Claude B. Nielsen, John E. Maupin Jr., and William C. Wells, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Ernst & Young LLP and Regions Financial Corporation (collectively, the "Removing Defendants"), hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The Removing Defendants appear for the purpose of removal only and for no other purpose, reserve all defenses and rights available to them, and state as follows:

## PROCEDURAL BACKGROUND

1.     On May 22, 2009, Plaintiff Louisiana Municipal Police Employees Retirement System (the "Plaintiff") filed a complaint (the "Complaint") in the

2

Circuit Court of Jefferson County, Alabama, commencing the action, styled as *Louisiana Municipal Police Employees Retirement System v. C. Dowd Ritter, et al*, Case No. C-200901588 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendants, or of record, are attached hereto as Exhibit A.

2.      Plaintiff purports to have served Removing Defendants no earlier than May 28, 2009.

3.      Attached hereto as Exhibit B is a printout of the docket in the State Court Action as of 6:59 a.m. on June 25, 2009.

### THIS CASE IS REMOVABLE UNDER THIS COURT'S FEDERAL QUESTION JURISDICTION

4.      This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331. Plaintiff alleges that certain defendants caused Regions Financial Corporation to file with the Securities and Exchange Commission (the "SEC") a prospectus for an April 2008 securities offering, which Plaintiff contends contained material misstatements.[1] Plaintiff also alleges that certain defendants caused Regions to file with the SEC a false and misleading merger proxy statement,[2] a

---

[1]   *See, e.g.*, Compl. ¶ 18 (alleging that "defendants caused Regions to file the false and misleading prospectus for the April 2008 Offering with the SEC"); *see also id.* ¶¶ 24 & 149.

[2]   *See, e.g., id.* ¶ 175 (alleging that certain defendants "signed the false and misleading proxy statement"); *see also id.* ¶¶ 32, 109, 111₃113 & 119-21.

false and misleading registration statement,[3] and false and misleading Forms 10-Q and 10-K.[4] Plaintiff alleges that these purported misstatements or omissions give rise to the claims alleged in the Complaint.[5]

5.    The claims asserted in the Complaint rely on alleged violations of various Federal statutes.  In particular, Plaintiff relies on duties created by these statutes as bases for its claims and purports to plead claims based on the same allegations made against the same defendants in a federal securities case currently pending in the United States District Court for the Southern District of New York.[6] Plaintiff also alleges violations of the Troubled Asset Recovery Program, 12 U.S.C. § 5201 ("TARP") (as expanded by the American Recovery and Reinvestment Act of 2009, Publ. L. 111-5) and the Sarbanes-Oxley Act of 2002,

---

[3]    *See, e.g., id.* ¶ 24 (alleging that certain defendants "signed the Company's false and misleading annual reports and the registration statement filed in connection with the April 2008 Offering"); *see also id.* ¶ 129.

[4]    *See, e.g., id.* ¶ 31 (alleging that the "financial reports the Individual Defendants caused and/or permitted Regions to issue and file with the SEC failed to provide investors with the basic information necessary to understand Regions' financial results and omitted material information, rendering them materially false and misleading."); *see also id.* ¶¶ 16, 24, 124, 144, 150, 152 & 157.

[5]    *See, e.g., id.* ¶ 1 (alleging that Plaintiff's action "arises from" defendants' alleged actions "in connection with ... the falsification of Regions' financial statements, merger proxy and prospectus filed with the Securities and Exchange Commission"); *see also id.* ¶¶ 188, 191, 195, 200 & 206.

[6]    *See, e.g., id.* ¶ 34 (alleging that "[d]ue to the [defendants'] failure to timely disclose these material facts, a number of investors have sued the Company in class action lawsuits.  These class action lawsuits allege various violations of federal securities laws") & ¶ 178 (alleging that defendants "violate[d] . . . state and federal law, including federal securities laws"); *see also id.* ¶¶ 1, 31 & 118.

4

15 U.S.C. § 7201, et seq.,[7] and specifically seeks remedies under both of those Federal statutes.[8]

6.     If there was any doubt that Plaintiff's claims are based on Federal law, it was eliminated by Plaintiff's filings in connection with its Application for A Temporary Restraining Order and Motion for a Preliminary Injunction and Limited Expedited Discovery (the "Application"), which on their face and in Plaintiff's own words are based on alleged violations of TARP.  For example, Plaintiff's Memorandum of Law in Support of Plaintiff's Application for A Temporary Restraining Order and Motion for A Preliminary Injunction and Limited Expedited Discovery asserts that

> Plaintiff, at a bare minimum, "has presented a fair question as to the existence of the right to be protected" under the TARP restrictions.[9]

Plaintiff then alleges that "retention of the disputed assets violates the TARP restrictions"[10] and states that "[t]hrough this action, Plaintiff seeks to enforce

---

[7]     *See, e.g., id.* ¶ 16 (alleging that certain defendants "filed false and misleading Sarbanes-Oxley certificates) & ¶ 178 (alleging that certain defendants "violate[d] the TARP executive compensation restrictions, risk-reduction requirements and clawback provision"); *see also id.* ¶¶ 2, 35, 36, 45, 47-49 & 175.

[8]     *See, e.g., id.* at 146-49 (seeking a judgment directing compliance with "the Sarbanes-Oxley Act of 2002 [and] the TARP executive compensation restrictions").

[9]     Plaintiff's Memorandum of Law in Support of Plaintiff's Application for A Temporary Restraining Order and Motion for A Preliminary Injunction and Limited Expedited Discovery, dated June 17, 2009, at 38.

[10]    *Id.* at 39.

Regions' rights pursuant to the TARP clawback provision."[11]   Plaintiff follows those assertions with an entire section of argument entitled "The TARP Executive Compensation Limitations Provide Regions with an Enforceable Remedy."[12]

7.     The claims asserted in the Complaint raise substantial Federal questions and the exercise of Federal jurisdiction would not disturb the balance between Federal and state judicial responsibilities.  As such, this action is properly removable under 28 U.S.C. § 1441(a) and (b).  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 315 (2005) (federal jurisdiction exists where federal statute is essential element of plaintiff's claim); *Landers v. Morgan Asset Mgmt., Inc.*, 2009 WL 962689 (W.D. Tenn. Mar. 31, 2009) (denying remand of derivative claims because claims required the court to resolve questions under federal securities laws).  Plaintiff's claims directly address, and seek relief under, more than one Federal statutory scheme.

8.     For the foregoing reasons, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over any claims within the pleadings over which the Court does not have original jurisdiction.

---

[11]     *Id.* at 41.  The memorandum of law contains numerous other arguments about the requirements and applicability of TARP.  *See, e.g., id.* at 22-25 & 39.

[12]     *See id.* at 45-50.

6

## **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

9.     This Notice of removal is timely because it is filed within thirty (30) days after service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" as prescribed by 28 U.S.C. § 1446(b). All defendants concur in, join in, and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.[13] Other than as attached as Exhibit A, no other process, pleading, or order has been served on the Removing Defendants in this action.[14]

10.     Written notification of the filing of this Notice of Removal is being made upon Plaintiff and will be filed with the Clerk of the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. § 1446(d).

11.     The Removing Defendants have not sought similar relief.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     Venue is proper in this district and division pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

14.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of

---

[13]     Without limiting anything else set forth herein, Defendant Ernst & Young LLP ("E&Y") further states that any claims brought against it on behalf of Regions Financial Corporation are subject to an arbitration clause. E&Y joins in this filing for purposes of removal only and expressly reserves its rights, including the right to move to compel arbitration.

[14]     As noted above, not all of the process or pleadings have been served on every Removing Defendant.

7

Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

15.     If any question arises as to the propriety of removal of this action, the Removing Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this cause is removable.     *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, PREMISES CONSIDERED, the Removing Defendants, by and through their counsel, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Notice of Removal, the giving of written notice thereof to plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama shall effect the removal of said civil action to this Honorable Court.

Dated: Birmingham, Alabama

June 25, 2009

8

A. Inge Selden, III (ASB-7654-E41A)
John N. Bolus (ASB-5753-U54J)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Phone:  (205) 254-1000
iselden@maynardcooper.com
jbolus@maynardcooper.com

*Counsel for Defendant Merrill Lynch, Pierce,
Fenner & Smith Incorporated*

OF COUNSEL
Scott A. Edelman
Douglas W. Henkin
MILBANK, TWEED,
HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Phone:  (212) 530-5000
sedelman@milbank.com
dhenkin@milbank.com

Kenneth O. Simon (ASB-0510-O76K)
Richard E. Smith (ASB-6536-M69R)
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Phone:  (205) 795-6588
kos@csattorneys.com
res@csattorneys.com

*Counsel for Ernst & Young LLP*

OF COUNSEL
Stanley J. Parzen
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Phone:  (312) 701-7326
Email:
sparzen@mayerbrown.com

Vic Hayslip (ASB-6132-H31V)
Betsy Collins (ASB-9715-C62B)
Rick Davis (ASB-6537-A49D)
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Phone:  (205) 251-3000
vhayslip@burr.com

*Counsel for Nominal Party Regions Financial
Corporation*

Larry B. Childs (ASB-9113-C58L)
WALLER LANSDEN DORTCH & DAVIS
LLP
1901 Sixth Avenue N., Suite 1400
Birmingham, Alabama 35203-2623
Phone:  (205) 226-5701
larry.childs@wallerlaw.com

*Counsel for Defendants C. Dowd Ritter,
Jackson W. Moore, Irene Esteves, Alton E.
Yother, D. Bryan Jordan, Richard D. Horsley,
Allen B. Morgan, Samuel W. Bartholomew, Jr.,
George W. Bryan, Margaret H. Greene, Susan
W. Matlock, Jorge M Perez, John R. Roberts,
Michael S. Starnes, Lee J. Styslinger, III,
Robert R. Waller, Spence L. Wilson, Harry W.
Witt, O.B. Grayson Hall, Jr., Earnest W.
Deavenport, Jr., David J. Cooper Sr., Donald
DeFosset, James R. Malone, Charles D.
McCrary, Claude B. Nielsen, John E. Maupin
Jr., and William C. Wells, II*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon the following listed persons by placing a copy of the same in the United States mail, first class postage prepaid and properly addressed as follows:

Mary K. Blasy
Scott + Scott LLP
600 B Street, Suite 1500
San Diego, CA 92101

Greg L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

on this the 25th day of June, 2009.

OF COUNSEL

11